IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARDSHARK, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GUCCI America, Inc.<br><br>　　　　　　Defendant. | Case No. _____<br><br>Complaint for Patent Infringement<br><br>Demand for Jury Trial |

**PLAINTIFF CARDSHARK, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff CardShark, LLC ("CardShark" or "Plaintiff") by and for its Complaint against Defendant Gucci Americas, Inc. ("Gucci" or "Defendant") hereby alleges as follows:

## NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States. Plaintiff holds the rights in U.S. Patent No. 8,381,904 ("the 904 Patent"). The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent. Plaintiff is suing Defendant for infringing its patent and seeks to recover damages from Defendant.

2. The '904 patent generally relates to a wireless handheld device protective wallet covering with certain features, including a window housing on the front side of the product, a rear protective face, with an externally accessible pocket that allows the insertion and removal of cards or paper currency.

## THE PARTIES

3.      Plaintiff, CardShark, LLC is a company organized and existing under the laws of the State of New York, with a principal place of business at 7764 North Sheridan Road, Chicago, Illinois 60626.  CardShark designed and manufactured a product called the "CardShark Wallet Skin," which is covered by U.S. Patent No. 8,047,364.  This product was previously sold on the CardShark website: www.cardsharkskin.com and is currently being redesigned based on the invention disclosed in the '904 Patent.  The CEO of CardShark is Kip Azzoni, who is also the inventor of the patent-in-suit.  Ms. Azzoni is also owner of Veteran Roasters and co-owner of Rags of Honor, two businesses that employ homeless and chronically unemployed veterans and CardShark's assembly and distribution facility for its redesigned "CardShark Wallet Skin" will similarly employ homeless and chronically unemployed veterans.

4.      Upon information and belief, Defendant Gucci America, Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business at 685 Fifth Avenue, New York, N.Y. 10022.

## JURISDICTION

5.      This is an action for patent infringement arising under the patent laws of the United States of America, more specifically under 35 U.S.C. § 100, et seq. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      The Court has personal jurisdiction over Defendant because Defendant, among other things, resides in the State of New York.  In addition, upon information and belief, Defendant through its own acts and/or through the acts of its affiliated companies (acting as its agents, retailers or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District.  For example, Defendant, Gucci offers products for sale through its website https://www.gucci.com/us/en/.  Plaintiff's cause of action arises directly from Defendant's contacts and other activities in the State of New York and in this District.

7. Upon information and belief, Defendant directly or through its subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets and, at all relevant times has made, used, offered for sale, sold, imported, advertised and made available and/or marketed products within the Southern District of New York, through its https://www.gucci.com/us/en/, thereby infringing the '904 patent.

## VENUE

8. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b). Upon information and belief, Defendant resides in this District for the purposes of venue, insofar as it is subject to the personal jurisdiction in this District and its principal place of business is in this District. In addition, upon information and belief, Defendant has committed acts of infringement in this District, solicits business in this District, and conducts other business in this District.

## INFRINGEMENT OF U.S. PATENT NO. 8,381,904

9. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

10. On February 26, 2013, the '904 patent, entitled "Protective Covering For Personal Electronic Device," was duly and lawfully issued based upon an application filed by the inventor, Kip Azzoni (formerly known as "Kip Longinotti-Buitoni"). A true and correct copy of the '904 Patent is attached hereto as Exhibit 1.

11. Plaintiff is the assignee and the owner of all right, title and interest in and to the '904 patent, and has the right to sue and recover damages for infringement thereof.

12. Upon information and belief, Defendant has engaged in the design, manufacture, marketing, offer for sale and sale of one or more GUCCI-branded phone cases, including but not limited to Gucci Signature iPhone 7 case, Gucci Signature iPhone 7 Plus case, GG Supreme canvas iPhone 7 Plus case, GG Supreme bees iPhone 7 case, GG Supreme canvas iPhone 7 case, Gucci Animalier Bee Leather iPhone 7 Case, Gucci Embroidered Angry Cat GG Supreme iPhone 7 Case, Gucci GG Love iPhone 7 Case, Gucci Tiger L'Aveugle Par Amour Leather

iPhone 7 Case, and any other phone case that infringes at least one claim of the '904 patent (collectively "the '904 Accused Products").

13. Upon information and belief, Defendant has been and continues to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the '904 Accused Products in the United States generally, and in the Southern District of New York specifically. The '904 Accused Products are available for retail purchase through the https://www.gucci.com/us/en/ website.

14. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 1 of the '904 patent, Defendant has directly infringed literally and/or upon information and belief, equivalently, and is continuing to infringe the '904 patent and is thus liable to Plaintiff pursuant to 35 U.S.C. § 271.

15. Defendant has indirectly infringed and continues to infringe at least claim 1 of the '904 patent by inducement under 35 U.S.C. 271(b). Defendant has induced and continues to induce users, retailers and dealers of the '904 Accused Products to directly infringe at least claim 1 of the '904 patent.

16. Upon information and belief, Defendant knowingly induced users, retailers and dealers to market, sell, and/or use the Accused Products, including, for example, by promoting such products online (e.g., https://www.gucci.com/us/en/).

17. Defendant's infringement of the '904 patent is without consent of, authority of, or license from Plaintiff.

18. As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

1. WHEREFORE, Plaintiff requests this Court enter judgment as follows:

    A. That the '904 patent is valid and enforceable;

B.      That Defendant has directly and indirectly infringed at least claim 1 of the '904 patent;

C.      That Defendant account for and pay to Plaintiff all damages pursuant to 35 U.S.C. § 284 to adequately compensate Plaintiff for Defendant's infringement of the '904 patent, but in no event less than a reasonable royalty for the use made by Defendant of the invention set forth in the '904 patent;

D.      That Plaintiff be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of Defendant's infringement of the '904 patent;

E.      That Plaintiff receive enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

F.      That this is an exceptional case under 35 U.S.C. § 285;

G.      That costs be awarded to Plaintiff under 35 U.S.C. § 284; and

H.      That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Dated: June 27, 2018

KROUB, SILBERSHER & KOLMYKOV PLLC

By: _/Zachary Silbersher/_

Zachary Silbersher (ZS4391)
zsilbersher@kskiplaw.com
Gaston Kroub (GK6970)
gkroub@kskiplaw.com

305 Broadway, 7th Floor
New York, NY 10007
Telephone No.: (212) 323-7442
*ATTORNEYS FOR PLAINTIFF
CARDSHARK, LLC*